HARVEY *v.* MYER and Another.

When a contract for the sale of a chattel is broken by the vendor failing to deliver it, and the purchaser has paid the price in advance, he may elect to rescind the agreement, and recover the money with interest; but if he elect to affirm the contract and sue for damages, he cannot recover interest.

Two plaintiffs in an action upon contract may recover jointly, though one sell his interest in the contract to the other, after the commencement of the action.

The Court may, in its discretion, substitute the purchaser as sole plaintiff, or permit the suit to be prosecuted to judgment in the names of the original plaintiffs.

APPEAL from the *Henry* Circuit Court.

*Monday,
November 23.*

DAVISON, J.— The appellees, who were the plaintiffs, sued *Harvey* upon an agreement in writing, which reads thus:

"*August* 17, 1855. I have this day sold *Myer* and *Bond* three hundred hogs—the same I now have on hand—to be weighed and delivered as follows: One hundred and fifty head to be delivered and weighed at *James R. Millikin's*, any time, after the 10th of *October*, 1855, that *Myer* and *Bond* may call for them; and one hundred and fifty to be weighed at my farm, from the 15th to the 25th of *November*, at the option of *Myer* and *Bond*, free of charge—each lot to average two hundred and fifty pounds gross and upwards. For the first lot, they are to pay four dollars and twenty-five cents per one hundred pounds gross; and the last (the *November* lot), to be at four dollars per one hundred pounds gross. Received on the above, 1,500 dollars, in *Myer* and *Bond's* note, at sixty days from this date, to be accounted for on the delivery of the first lot. (Signed) *Jacob Harvey.*"

The complaint alleges that *Myer* and *Bond* paid the 1,500 dollars when the note became due, and shows, by proper averments, that the defendant, though the plaintiffs had fully complied with the agreement on their part, refused to weigh and deliver the hogs, or any part of them.

Proper issues being made, the cause was submitted to a jury, who returned the following verdict:

We, the jury, find for the plaintiffs for money
   paid on note............................... $1,500 00
Interest on same .......................... 48 75
Damages on the first lot.................... 206 25
Damages on the second lot ................. 300 00

   In all................................. $2,055 00

The defendant moved for a new trial; but his motion
was overruled, and judgment rendered on the verdict.

The evidence shows that the plaintiffs paid the note de-
scribed in the agreement; that the value of the hogs at
the time at which they were to be delivered was four dol-
lars and eighty cents per one hundred pounds gross weight;
and that *Bond*, after the suit was commenced, sold all his
interest in the contract to his co-plaintiff. Upon this evi-
dence, the Court instructed the jury as follows:

1. That, in addition to damages for the non-delivery of
the hogs, which was the difference between the contract
price and their value at the time they should have been
delivered, the jury might, if they found for the plaintiffs,
allow as damages, interest on the amount specified in said
note after its maturity and payment.

2. That the right of the plaintiffs to recover jointly, was
not affected by proof that *Bond*, since the institution of
the suit, had sold his interest in the contract.

These instructions are alleged to be erroneous.

When a contract for the sale of a chattel is broken by
the vendor failing to deliver it in accordance with the terms
of the bargain, and the purchaser has paid the price in ad-
vance, he may elect to rescind the agreement, and recover
back the money paid with interest. But, in this instance,
the vendees have elected to affirm the contract—to rely on
it for the recovery of damages. Hence, the inquiry arises,
can they recover interest on the money advanced?

There are adjudicated cases to the effect that, if the
price of the article sold be paid in advance, the purchaser
is entitled to the highest price which it had borne between
the day of delivery and the day of trial. This, says Mr.
SEDGWICK, is laid down in *England* and *New York*, and

rests upon the ground that the vendee, having been de-
prived of the use of his property, is entitled to the best
price he could have obtained for the article, up to the time
of the settlement of the question. But no authority has
been cited, nor do we know of any, which allows interest
to be recovered on money advanced on such contract, un-
less it has been rescinded. Indeed, there is a well consid-
ered case in which it has been decided that a vendee who
sues upon the contract for the non-delivery of the article
sold, though he has paid the price, is only entitled to re-
cover its value at the time it should have been delivered.
*Smethurst* v. *Woolston*, 5 Watts & Serg. 106. We think
the first instruction, so far as it directed the jury to allow
interest, is erroneous.

The next inquiry relates to the second instruction. The
jury were told that the plaintiffs might recover jointly,
though one of them, since the commencement of the suit,
had sold his interest in the agreement to his co-plaintiff.
The code says that "every action must be prosecuted in
the name of the real party in interest." 2 R. S. p. 27, s. 3.
This provision seems to favor an objection to the ruling of
the Court. There is, however, a subsequent enactment
which provides, in effect, that, in case of any transfer of
interest after the institution of the suit, the action shall be
continued in the name of the original party, or the Court
may allow the person to whom the transfer is made to be
substituted in the action. *Id.* p. 32, s. 21. The latter pro-
vision evidently sustains the instruction. It was optional
with the Court whether it would or would not substitute
*Myer* as the sole plaintiff in the suit; and the Court hav-
ing made no order on the subject, the suit was rightly
prosecuted to final judgment in the names of the original
plaintiffs.

*Per Curiam.*—If the appellees will remit 48 dollars and
75 cents, the interest allowed upon the amount advanced
in payment of the note, the judgment will be affirmed;
otherwise it must, for the error involved in the first in-
struction, be reversed. Costs in this Court against the
appellees (1).

Nov. Term,
1857.

J. F. Mellett and W. Grose, for the appellant.

J. S. Newman and J. P. Siddall, for the appellees.

(1) A remittitur was accordingly entered by the appellees.