## BRYANT *v.* WATRISS *et al.*

In a suit against the maker of a note, or the acceptor of a bill, the indorser is a competent witness for either party.

APPEAL from the Twelfth District.

The facts appear in the opinion of the Court.

*Stanly & Hayes,* for Appellant.

The witness, Ira P. Rankin, the payee and indorser of the note sued on, was incompetent, by reason of his interest. (*Bashins* v. *Wilson,* 6 Conn. 471; *Pingree* v. *Warren et al.* 6 Greenleaf, 457; *Steinmetz* v. *Currie,* 1 Dallas, 270; *Barnes* v. *Ball et al.* 1 Mass. 73; *Cowles* v. *Harts Johnson et al.* 3 Conn. 516; *Hurick* v. *Whitney et al.* 15 John. 240; *Duncan* v. *Pindell,* 4 Bibb, 331; 19 Wend. 561; 2 Watts, 121; *Soule* v. *Dawes,* 6 Cal. 475; *Schillinger* v. *McCann,* 6 Greenleaf, 368, side page; *Richardson et al.* v. *Bartley et al.* 2 B. Monroe, 333.)

*Balie Peyton,* for Respondent.

In a suit by the holder against the maker, the payee and indorser is a competent witness for the holder, because his interest is exactly balanced. (1 Greenl. Ev. Secs. 399, 400.)

FIELD, J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action upon a promissory note, in which the maker

and indorsers are joined as defendants under the fifteenth section of the Practice Act; and the only question presented by the appeal is, whether the first indorser was a competent witness for the plaintiff. No service appears to have been made upon the indorsers, and the judgment was taken only against the maker.

There is a want of consistency in the adjudged cases as to the competency of parties to bills and notes, as witnesses in suits between other parties to the same paper. In England the authorities favor the admission of parties, their competency being determined by the doctrine of equal liability. Thus, "in an action by indorsee against drawer or acceptor," says Bayley in his treatise on Bills and Notes, "an indorser is, in general, a competent witness either for plaintiff or defendant; for plaintiff, because, though the plaintiff's succeeding in the action *may* prevent him from calling for payment from the indorser, it is not certain that it will; and whatever part of the bill or note the indorser is compelled to pay, he may recover again from the drawer or acceptor; and he is competent for defendant, because if plaintiff fails against drawer or acceptor, he is driven either to sue the indorser or to abandon his claim." The same doctrine which allows an indorser of a bill of exchange to be a witness against the acceptor admits the indorser of a promissory note as a witness against the maker. The acceptor of a bill and the maker of a note stand in the same relation to the indorser in respect to primary liability. There are decisions in the American Courts sustaining the opposite doctrine, though the cases are not uniform. Cowen & Hill, in their notes to Phillips, (Part 1, Note 99,) after citing a great number, observe that from them " it appears that the Courts are not consistent in their decisions as to the competency of a party to a bill or note. As a general rule he is, in England, a competent witness, for he is equally liable, let the suit terminate as it will, and for nothing beyond the face of the paper; not for costs, unless the party for whom he is called become a party for his accommodation, or he has otherwise made himself liable by some special undertaking. The American cases mostly come short of that, especially as to the competency of a drawer or indorser, for a subsequent holder. We are inclined to believe, however, that there is a tendency to

the adoption of the English rule." (See, also, *Baretto* v. *Snowden,* 5 Wend. 181; *Hall* v. *Hale,* 8 Conn. 337.)

The English rule appears to rest upon principle, and to place the admissibility of the parties to a bill or note upon tenable grounds. And the whole tendency of the decisions is to relax rather than to extend the rule of exclusion. The interest of the witness to exclude must be such that he will gain or lose by the direct legal operation and effect of the judgment, or the record of the judgment must be evidence for or against him in some other action. Neither of these events can happen in the case at bar. A recovery against the maker cannot affect the liability of the indorser. It is payment of the note alone which can discharge him. If the judgment is not made upon execution the indorser may be sued; and if he is compelled to pay the amount he has his recourse against the maker. The judgment between the holder and maker cannot be evidence between the holder and indorser, or, in a subsequent suit, between the indorser and maker. Neither of the conditions by which the competency of the indorser can be tested could possibly happen in the case at bar. He can neither gain or lose directly by the judgment against the maker, nor can its record be evidence for or against him. We are, therefore, of opinion that he was a competent witness.

