Smith *v.* Richmond.

# SMITH *v.* RICHMOND.

UNDER the old system of pleading in actions at law, a party, to avail himself of the Statute of Limitations, was required to plead it, even where it appeared upon the face of the declaration that the limitation prescribed by statute had expired.

In equitable suits the rule was otherwise. There, if it appeared upon the face of the bill that the remedy was barred, the defendant could demur; and if the case came within any of the exceptions of the statute, it was necessary to aver the fact.

Under our system the rule is the same in law and equity; and if it appear upon the face of the complaint that the action is barred, and no facts are alleged taking the demand from the operation of the statute, the complaint is defective and demurrer lies.

If the demand be in truth barred, but the fact does not appear upon the face of the complaint, the defense must be made in the answer.

In suits upon written instruments for the payment of money, if it appear from the complaint that the demand is barred, and plaintiff relies upon a new promise renewing or continuing the contract, such new promise must be alleged.

The doctrine of numerous authorities that the *new promise* in such cases constitutes the real cause of action, and that the original contract is only the consideration for the promise: *Held,* to be unsound. The true view held to be, that the action is upon the original demand, and that the new promise is only evidence that the statute does not operate as a bar to its prosecution.

The same rule holds where a new promise is relied on to obviate a discharge in insolvency, pleaded to an action upon a promissory note or other contract for the payment of money. The action in such cases is founded upon the original contract, and the new promise is only a waiver of the defense furnished by the discharge.

A discharge in insolvency does not extinguish the debt in any other sense than

that it relieves the debtor from any legal obligation to pay the same; that is, from compulsory payment by proceedings in Court. The debt still exists and must exist until paid, though only binding on the conscience of the debtor.

The complaint in such cases should be upon the original demand, and if the discharge be pleaded as a defense, the new promise may then be replied or given in evidence in support of the demand.

Where the new promise is made to the payee of a promissory note, the indorsee, to whom the note is afterwards transferred, may maintain an action upon it. He succeeds, in such cases, to the rights of the payee.

It is bad pleading to aver in the complaint the discharge and the new promise. The former is matter of defense to be set up by defendant, and the latter is matter of replication, either by way of plea or evidence, as the system of pleading may be.

In a suit against the maker of a note, the payee or indorser is a competent witness for either party.

The tendency of modern decisions, with reference to the competency of witnesses, is to relax rather than to extend the rule of exclusion.

The instruction asked by defendant in this case, if given entire, would have been erroneous; and the Court was not bound to separate the concluding clause and give that by itself, and was therefore right in refusing the instruction.

Whether a Sheriff, under the Fee Bill of 1855, (Stat. 1855, 85) providing that "he shall also be allowed such further compensation for his trouble and expense in taking possession of property under attachment or execution, or other process, and of preserving the same, as the Court from which the writ or order may *issue*, shall certify *to be just and reasonable*," is entitled *to* the expenses of pasturing, herding and keeping cattle attached, without obtaining a *certificate* from the Court that such expenses are reasonable, not decided in this case, because it was held that such certificate was virtually given by the Court in allowing the expenses as taxed in a bill of costs.

APPEAL from the Sixth District.

The complaint alleges in substance, that the defendant, on the fifteenth of January, 1857, executed his promissory note in the words and figures following, to wit:

"$618.50.   For value received, I promise to pay to Samuel Ferrio, or bearer, the sum of six hundred and eighteen dollars and fifty cents, three months from date, with interest at two per cent. per month until paid.   Sacramento city, January 15th, 1857.
                    (Signed)        " J. W. RICHMOND."

Upon which note there is a credit of sixty dollars paid by defendant to Ferrio; that there is on the back of the note an indorse-

ment thus: " Sac. Dec. 9th, 1859. For value received I hereby assign and transfer the within note to Jas. E. Smith, without recourse. (Signed) A. Ferrio," whereby said payee transferred and assigned said note to plaintiff; that plaintiff is the owner and holder of said note, and that defendant is indebted to him thereon in the sum of six hundred and eighteen dollars and fifty cents, with interest, etc., less the sixty dollars indorsed; that after said note was executed and delivered, and some time in the spring of 1857, defendant under and by virtue of certain proceedings in insolvency under the Act of May 4th, 1852, for the Relief of Insolvent Debtors and Protection of Creditors, claims to have been discharged from the payment of the note and debt hereinbefore mentioned; that " after said discharge as aforesaid, and on or about the first day of June, 1857, the said defendant promised to said plaintiff and other persons, that he would well and truly pay said note and interest unto said Ferrio on demand therefor, and that defendant thereby revived said obligation;" that payment has been demanded since said promise and refused.

The answer consisted of: 1st, a general denial; 2d, a discharge in insolvency on the twenty-seventh of May, 1857, by virtue of proceedings in the Sixth District Court begun on the seventeenth of March previous; 3d, a denial of any new promise.

On the trial, plaintiff offered in evidence the note, to which defendant objected on the ground that it was payable to Samuel Ferrio, and was indorsed A. Ferrio. Overruled and exception taken. A. Ferrio was then introduced, and testified that he was the payee of the note, and that his name was written " Samuel " because defendant always so called him; that he indorsed the note with the credit of sixty dollars, the value of a watch which defendant gave witness as part payment in the fall of 1858, and that this was the only payment made; and then proceeded as follows:

" Defendant promised to pay me the note whenever I asked him. I went to see him about two weeks after he got his discharge from his debts. He asked me whether I was scared, and said that I need not be, that he would pay me all he owed me. He said, ' I will pay you everything I owe you;' he promised to pay this note; he owed me nothing else; he spoke of the note at different times

when I have talked with him.   About two weeks after the first conversation, he conversed with me about it, and said to me, ' You wait awhile and I will pay it.'   I went to him every two or three weeks about the note, and he always said he would pay it.   I said to him that he promised me a watch on the note, and one day, about a week after, he came and gave me a watch.   It was in the fall of 1858.   This is the same watch about which I spoke awhile ago ; it was given me after his discharge.   I have conversed with him about the note every two or three weeks.   Defendant was discharged about May 3d, 1857.   He promised at one time to give me some cattle in payment of the note."

On cross examination witness testified as follows : " Richmond lived on Seventeenth street, near the levee ; I spoke to him there ; Richmond's wife was present, no one else ; he said, ' are you scared ; you need not be, I will pay you after awhile.'   Two weeks after the first conversation I saw him in his barn, he asked me not to be hard on him ; said that he would let me have some cattle after awhile ; I had no other note against him ; never had more than one at a time.   He said all the time that if I waited awhile he would pay me, and would give me some cattle when he could spare them."

Plaintiff here rested.   Defendant then moved for a nonsuit on two grounds : 1st, that the complaint avers a promise to pay on demand, and the proof is of a promise after awhile or in cattle ; 2d, that there was no assignment of the liability on the new promise either averred or proven.   Overruled and exception taken.

Defendant then introduced Gardner as a witness, who testified as follows : " Ferrio came into Hight's shop sometime between Thanksgiving and Christmas, 1858, and spoke to me about Richmond.   I told Ferrio that I believed Richmond would pay him ; he said, ' yes, over the left,' or something to that effect.   I told him Richmond would give him a watch."

This was all the evidence as to the new promise.

The Court charged the jury, among other things, " that whatever promise defendant made to Ferrio enures to the benefit of plaintiff ;" defendant excepting, and asking the following instruction, which was refused, defendant excepting :

" If you believe from the evidence that Richmond promised to pay

Smith *v.* Richmond.

Ferrio in cattle, or when his young stock should have grown up, or upon any other contingency, then defendant is not liable until such contingency has occurred, and plaintiff must prove that it has occurred to sustain this action; [that] to maintain this action plaintiff must prove that defendant made the new promise to pay the note to Ferrio, and that Ferrio assigned the liability founded on such promise to the plaintiff; and the mere assignment of the note is no assignment of such new promise or the liability created by it. Under the pleadings in this case, plaintiff can only maintain this action by proving an unconditional promise to pay the note absolutely."

Verdict for plaintiff, $1095.33 ; judgment for that sum with costs. Defendant moved for a new trial and to retax plaintiff's bill of costs.

The facts as to the costs are these : On the commencement of the action an attachment was issued, under which the Sheriff attached a large number of cattle as the property of the defendant, and the plaintiff charged in his bill of costs as the expenses of the Sheriff in keeping, herding and pasturing these cattle the sum of $1,235.61. Defendant moved to retax the costs, and after hearing the motion, the Court reduced the charge to seven hundred and fifty-eight dollars and sixteen cents, and ordered that amount to be entered as a part of the judgment, defendant excepting.

Motion for a new trial overruled. Defendant appeals from the judgment, and from the order overruling his motion to retax the costs.

*E. B. Crocker*, for Appellant, cited *Carson* v. *Osborn*, 10 B. Monroe, 155 ; *Egbert* v. *McMichael*, 9 Id. 44; *Graham* v. *Hunt*, 8 Id. 7 ; *Field's Estate*, 2 Rawle, 356 ; *Bell* v. *Morrison*, 1 Pet. 357; *White* v. *Cushing*, 30 Me. 17, Shipley, 267 ; *Depuy* v. *Swart*, 3 Wend. 135 ; *Moore* v. *Viele*, 4 Id. 420 ; *Walbridge* v. *Harroon*, 18 Vt. 448; Story's Prom. Notes, secs. 407, 168; *Baker* v. *Wheaton*, 5 Mass. 509 ; Bailey on Bills, 144 ; 2 Esp. 736 ; Cowper, 544 ; 2 H. Blackstone, 116 ; 2 Starkie R. 296 ; 7 John. 36 ; 1 Pet. 351 ; 3 Esp. 198.

*J. W. Winans,* for Respondent, cited *Way* v. *Sperry*, 6 Cushing, 239; Sec. 2 of the Act relative to Bonds, Due Bills and other in-

Smith *v.* Richmond.

struments of writing of April 20th, 1850; and *Bryant* v. *Watriss,*
13 Cal. 85.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J.
and COPE, J. concurring.

Under the old system of pleading in actions at law, where a party
was desirous of availing himself of the Statute of Limitations as a
bar to the demand in suit, he was required to plead the same. He
could not demur to the declaration, even where it appeared upon its
face that the limitation prescribed by the statute had expired. If
he did not plead the statute, he was considered as having waived
its protection. In equitable suits the rule was different. In suits
of this character the defendant could make the objection by de-
murrer that the remedy was barred by the statute where it appeared
upon the face of the bill that the prescribed limitation had expired.
If the case came within any of the exceptions of the statute, it was
necessary to aver the fact. (*Humbert* v. *The Rector of Trinity
Church,* 7 Paige, 197; *Sublette* v. *Tinney,* 9 Cal. 425.)

Under our system there is no difference in the rule whether the
action be one strictly at law, or one in which equitable relief is
sought. In both cases the complaint must disclose a subsisting
cause of action. " Civil actions "—and these terms embrace both
legal and equitable actions—says the statute, " can only be com-
menced " within certain prescribed periods, " after the cause of ac-
tion shall have accrued." If it appear, therefore, upon the face of
the complaint, that the prescribed period has elapsed since the
plaintiff possessed the right of action, and no facts are alleged tak-
ing the particular demand from the operation of the statute, the
complaint will be considered defective, and subject to demurrer.
If, however, the demand in suit be in truth barred, but the fact is
not apparent upon the face of the complaint, the defendant must
interpose the defense in his answer, as by plea under the old sys-
tem. In actions upon written instruments for the payment of
money, as promissory notes, the complaint will necessarily show the
precise period at which the right of action accrued to the plaintiff;
and if in such cases the complaint also show that the prescribed
limitation has passed, any new promise which has been made, re-

newing or continuing the contract, should be alleged. The new promise, it is sometimes said, constitutes in such cases the real cause of action, the original contract being only the consideration for the promise. The authorities are numerous which hold language to this effect. But this view is inconsistent with the theory upon which the pleadings under the old system were drawn. The declaration was always upon the original contract, which, according to the view mentioned, presented the absurdity of a declaration upon the consideration of the promise, and not upon the promise itself. (*Leaper* v. *Tatton*, 16 East. 420; *Upton* v. *Else*, 12 Moore, 303.) The true view, as we conceive, is this: that the action is upon the original demand, and that the new promise is only evidence that the statute does not operate as a bar to its prosecution. At common law there was no limitation to the period within which actions could be brought, though a presumption was created by the lapse of twenty years that the claim was satisfied. The statute prescribes the limitation, and the new promise only takes the case from its operation. "If the action was brought upon the new promise," said the Supreme Court of New Hampshire, "there would be nothing to be taken out of the statute, for the new promise is never within it. And this shows also that the action should be founded upon the original contract, and that although there must be a new promise, or an acknowledgment from which a promise may fairly be inferred, the reason of this is not that the action is founded upon the new promise as its substantive cause, but because nothing short of evidence of a debt due, and of an intention to pay it, is sufficient to take the original demand out of the statute, and remove the bar, which would otherwise defeat the action. This continues or restores the vitality of the original demand." (*Betton* v. *Cutts*, 11 N. H. 179.) And the Supreme Court of Massachusetts, speaking of a judgment rendered in an action *ex contractu*, where the defendant relied upon the statute, and recovery was had upon proof of a new promise by him, said, "The Court are of opinion that the judgment must be considered as rendered on the old contract; that a payment, or new promise, or an admission from which a new promise may be inferred, is considered as removing out of the way a bar arising from the Statute of Limitations, so as to enable the

creditor to recover nothwithstanding the limitation; and not as the creation of a new substantive contract, which is to be the basis of the judgment." (*Ilsley* v. *Jewett*, 3 Met. 439.)

These observations apply also to cases where a new promise is set up to obviate a discharge in insolvency, pleaded to an action upon a promissory note, or other contract for the payment of money. There is, it is true, a distinction made in numerous decisions between the case of a debt barred by the Statute of Limitations and a debt from which the defendant has been discharged under the bankrupt or insolvent laws. Even whilst it is admitted in many of these cases that the statute only takes away the remedy, which is restored by the new promise, and that the action is founded upon the old contract, it is said that the discharge extinguishes the debt, and being extinct, the debt can only be revived by a new promise, and that this new promise constitutes the contract upon which the action must be based. (See *Watkins* v. *Stevens*, 4 Barb. 174.) We think in these cases too great effect is given to the discharge of the debtor. The discharge does not extinguish the debt in any other sense than that it relieves the debtor from any legal obligation to pay the same; that is, from compulsory payment by proceedings in the Courts of justice. The debt still exists, and until paid must exist, though only binding upon the conscience of the debtor. If it were in fact extinguished, it could not, as is well observed in the case of *Way* v. *Sperry*, (6 Cush. 241) be renewed nor revived, nor become a consideration for a new promise. The true view, as we conceive, is this : that the action is founded upon the original contract, and that the new promise is only a waiver of the defense furnished by the discharge. This view is in harmony with the principles upon which the action to recover the debt is conducted. The complaint is always upon the original demand, and nothing is alleged of the new promise until the replication to the plea. In the case at bar, the plaintiff has alleged both the discharge and the new promise in the complaint; but this mode of stating his case is not good pleading. Nothing which constitutes matter of defense should be averred in the complaint. (*Green* v. *Palmer*, 15 Cal. 415.) There would be a manifest inconsistency in declaring upon the original demand, if the theory that the action is based

upon the new promise were correct ; an inconsistency to which we are not reconciled by the observation that " the replication, which must set forth the new contract specially,   \*   \*   \*    is the real declaration."   ( *Watkins* v. *Stevens*, 4 Barb. 174.) \*

The case of *Way* v. *Sperry*, to which we have already referred, is in accordance with the views we have expressed.   " We take it to be well established," said the Court in that case, " that, in actions brought on promises made by infants, and ratified after they come of age, on promises which have been renewed after the Statute of Limitations has furnished a bar, and on unconditional promises by discharged insolvent debtors and bankrupts, to pay debts from which they have been discharged, the plaintiff may declare on the original promise ; and that when infancy, the Statute of Limitations, or a discharge in insolvency or bankruptcy is pleaded or given in evidence, as a defense, the new promise may be replied or given in evidence in support of the promise declared on ; that a replication, alleging such new promise, is not a departure, and that evidence thereof is not irrelevant. And we do not hold that a note, promise or debt is ' destroyed ' by a discharge in bankruptcy. If it were, it not only could not be renewed or revived, but it could not be a consideration for a new promise. Yet nothing is clearer, on authority, than that the old debt is a sufficient consideration for such promise. In all the cases above mentioned the new promise operates as a waiver, by the promissor, of a defense with which the law has furnished him against an action on the old promise or demand. ( *Maxim* v. *Morse*, 8 Mass. 127 ; *Foster* v. *Valentine*, 1 Met. 522, 523.)"

" We cannot perceive any legal difference as to the point now in question, between the case of a debt that has been discharged by a process in bankruptcy and a claim voidable on the ground of infancy, or barred by the Statute of Limitations. In the latter case, it has been decided that a new promise removes the statute bar, but does not create a new and substantive cause of action

---

\* Until the year 1860, and after this action was commenced and at issue, there was no replication to an answer allowed by the Civil Practice Act of this State.—RE-PORTER.

Smith *v.* Richmond.

which is the basis of a judgment; and that the judgment must be considered as rendered on the old contract."

And by the same authority it is held, that where the new promise is made to the payee of a promissory note, the indorsee, to whom the note is afterwards transferred, may maintain an action upon it. The indorsee in such cases succeeds to the rights of the payee.

The objection to the competency of the payee as a witness is answered by the case of *Bryant* v. *Watriss* (13 Cal. 85). The whole tendency of the modern decisions, with reference to the competency of witnesses, is, as there stated, to relax rather than to extend the rule of exclusion.

The instruction to the jury, requested by the defendant, was properly refused. Had it been given entire, it would have been erroneous. The Court was not bound to separate the concluding clause and give that by itself. Besides, there was no question as to the unconditional character of the promise. It is true, the defendant at one time promised to give, in part payment of the note, a watch valued at sixty dollars, and at another time promised to give some catt'e in payment. The watch he did give, and its value was credited on the note. The cattle were never given. These promises did not, however, impair the full, express, positive and unconditional promises made on other occasions.

If a certificate of the Court were in fact necessary to entitle the Sheriff to the expenses incurred in keeping the cattle attached, such certificate was virtually given by their allowance in the taxation of costs.

Judgment affirmed.