## D. Q. PRIEST *v.* T. W. BOUNDS.

EVIDENCE OF INDORSER OF NOTE.—An indorser of a promissory note is a competent witness for either plaintiff or defendant in an action by the indorsee against the maker, and his competency is wholly unaffected by sections four and three hundred and ninety-three of the Practice Act.

PROMISSORY NOTE. — A promissory note is neither an account, an unliquidated demand, nor a thing in action not arising out of contract.

APPEAL from the District Court, Eleventh Judicial District, Placer County.

This action was first brought in Justice's Court, on a promissory note for two hundred dollars, dated September 15th, 1857, due one day from date, and bearing interest at two and a half per cent per month, and executed by defendant Bounds to John Buckhart.

Buckhart, on the 16th of August, 1858, indorsed the note to Priest, who, on the 6th of January, 1859, indorsed it to Stewart, who, on the 19th of September, 1859, indorsed it to McGowan, who, on the 17th of July, 1861, indorsed it to Buckhart, by whom, on the same day, it was indorsed to plaintiff.

Plaintiff recovered judgment in the County Court, and defendant appealed.

*J. E. Hale,* for Appellant.

*Jo Hamilton,* for Respondent.

By the Court, SANDERSON, C. J.

This is an action against the maker of a promissory note, of which the plaintiff was indorsee. The defense was part payment and tender as to the balance. On the trial the plaintiff offered as witnesses to rebut the case made by defendants, two persons who had been holders and indorsers of the note, having first executed and delivered to each of them a good and sufficient release. The Court, upon the objection of the defendant, excluded these witnesses, to which ruling the plaintiff duly

excepted and now assigns the same as error. The case was tried in 1861.

In support of the ruling of the Court the respondent cites sections four and three hundred and ninety-three of the Practice Act. The fourth section reads as follows: "SEC. 4. Every action shall be prosecuted in the name of the real party in interest, except as otherwise provided in this Act; but in suits brought by the assignee of an account, unliquidated demand or thing in action not arising out of contract, assigned subsequently to the 1st day of July, 1854, the assignor shall not be a witness on behalf of the plaintiff." This section cannot be extended to nonenumerated causes of action, and has no application whatever to the present case, for the obvious reason that a promissory note is neither an account, nor an unliquidated demand, nor a thing in action not arising out of contract. The competency of an indorser or assignor of a promissory note as a witness on behalf of the plaintiff in an action brought thereon is wholly unaffected by the foregoing section.

The objection to their competency upon the ground of interest is equally untenable. An indorser of a promissory note is a competent witness for either party in an action against the maker. (*Bryant* v. *Watriss et al.*, 13 Cal. 85; *Smith* v. *Richmond*, 19 Cal. 476.) Had they been incompetent on the ground of interest, their incompetency was removed by the release executed by the plaintiff; but no release was necessary.

The other errors assigned, if such, may not arise upon another trial, and we deem it unnecessary to pass upon them.

The judgment must be reversed and a new trial ordered.