IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1864, IN THE FORTY-NINTH YEAR OF THE STATE.

———————◆———————

### KENT and Another v. GINTER.

MEASURE OF DAMAGES.—On a breach of contract for the sale and delivery of personal property, the measure of damages is generally the difference between the contract price and the price at the time and place fixed for delivery.

SAME—STOCKS.—One exception to this rule is where stocks are the subject-matter of sale.

SAME—PREPAYMENT.—In a suit instituted with reasonable diligence, on a breach of contract for the sale and delivery of new corn, which had been paid for in advance, the measure of damages is the highest price of corn at any time between the contract time of delivery, and the rendition of the verdict.

APPEAL from the *Warren* Common Pleas.

PERKINS, J.—This was an agreed case under section 386 of the code, 2 G. & H. 222; Bick. Pr. 311; and the only question for decision is the rule of damages on failure to comply with the following agreement, viz

"Received of *L. Ginter*, ninety dollars, for which we agree to deliver him 300 bushels of new corn at *Ginter's* station, free of charge, on or about the 15th of *November* next.                    KENT & HITCHENS.

"*October* 30, 1862."

Assuming that, under the circumstances of the case, this suit was instituted with reasonable diligence, the question to be decided is, was the value of the corn, at the time and place fixed by the contract for delivery, the measure of damages, or was it the highest price of the corn at any time between the contract time of delivery and the rendition of the verdict in the suit.

Generally, the value of the property at the time and place of delivery is taken as the datum for measuring damages in a suit by the vendee against the vendor. But one exception to this rule is quite well established, and that is, where stocks are the subject-matter of the sale. *Romaine* v. *Allen*, 26 N. Y. Rep. 309. And a second exception is supported by many authorities, and that is, where the article purchased is paid for in advance of delivery. *West* v. *Pritchard*, 19 Conn. Rep. 211. Whether this exception should extend to cases where a specific existing article, designated so that the purchaser—the title having passed to him by the purchase—could at once bring replevin or trover for it or not, we need not decide. This is not such a case. Here the vendee advances his money to the vendor, not for a designated article to which the title passes, but an article to be furnished by the latter, on his selection, out of a class or quantity; being a case in which the vendee has but two remedies, viz: one a suit to recover back his money, with interest, on a rescision of the contract; the other a suit for damages for the breach of the contract, treating it as still subsisting. *Harvey* v. *Myer*, 9 Ind. 391.

Now, in such case, if the vendee elect to sue for damages, it is but just to give him the highest price of the article up to the time of trial, because, had the article been delivered according to contract, he might have had the benefit of that price; or, if he had not parted with his money, he might have rescinded, on the failure to deliver, and with his money purchased the article elsewhere, and had the benefit of its rise; but, having parted with his money, and the title to no designated article having passed,

it was out of the vendee's power, in the case at bar, by any proceeding to acquire possession of the thing purchased. The action for damages was his only remedy for a breach of the contract—it being treated as unrescinded—and he should recover all the damages resulting immediately from the breach. See the conflicting authorities on this point in all the late elementary works on contracts and sales.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Joseph H. Brown,* for appellants.

*Daniel D. Pratt* and *Daniel P. Baldwin,* for appellee.

Counsel for appellants argued: The difference between the contract price and the market value at the time and place of delivery is the measure of damages, whether the article was paid for in advance or not. *Startup* v. *Costarri,* 2 Crompton, Meeson & Roscoe's Exchequer Reps. 165; 3 Sanford's S. C. Rep. 614; 3 Mass. Rep. 364; 16 Pick. 194; 5 Watts & Serg. Rep. 106; 11 Serg. & R. 452; 2 Kent, (6th Ed.,) 480; Sedgwick on Measure of Damages, 288, 289, 290; *Loder* v. *Allen,* 2 Bibb Ky. Rep. 338; *Gatling* v. *Newell,* 12 Ind. 125; *Harvey* v. *Myer,* 9 Ind. 391.

Counsel for appellee argued: 1. That, in case of pre-payment, the measure of damages, on breach of contract for the delivery of personal property, is the difference between the contract price and the highest price between the time fixed by the contract for delivery and the rendition of the verdict. *Clark* v. *Penny,* 7 Cowan's N. Y. Rep. 681; *West* v. *Wentworth,* 3 Cowan, 82; 2 Conn. 488; 19 Conn. 212; 4 Texas Rep. 289; 13 Texas Rep. 212; 2 Iowa Rep. 201; 6 Georgia Rep. 530; 20 Ala. Rep. 694; 1 Nott & McCord, 334; *Shephard* v. *Hampton,* 3 Wheaton, 200.

2. That, in all cases, whether of contracts or torts, the party to whom compensation is due must be fully indemnified, and the wrong-doer not permitted to derive any benefit or advantage from his wrongful act; and that this indemnity will be arrived at by adding to the value of the property, at the date of the breach of contract, or dispossession, the damages which he is proven to have sustained, and every increase of value which the wrong-doer has obtained, or had it in his power to obtain. *Snydam* v. *Jerkins,* 3 Sandford's S. C. Rep. 613; Sedgwick on Damages, (3d Ed.,) 291; *Millison* v. *Hoch,* 17 Ind. 227.