*F. T. Hord*, for appellee.

---

## ZEHNER v. DALE.

APPEAL from the *Wayne* Common Pleas.

RAY, J.—Action for damages for a failure to deliver lumber at a time and place fixed by contract. On the trial the defendant offered to prove "that the market value of such lumber as is described in the contract was greater at the date of the contract than it was at the time it was to have been delivered." The court excluded the evidence. The

measure of damages was the difference between the contract price and the market price of the lumber at a given date. The contract price may be much lower than the market price at the date of the contract, and the purchaser is entitled to the benefit of his bargain. The evidence offered was therefore irrelevant, and properly excluded. The following instruction was asked by the defendant: "If the defendant has shown to your satisfaction that the time for delivery of the balance of the lumber was extended by the plaintiff until the 1st of *August*, and if, at that time, lumber, of the kind named in the contract, had not risen in value from the date of the contract, the plaintiff cannot recover anything but nominal damages."

The instruction asked assumes that the market value of the lumber at the date of the contract was the same as the contract price, which was a question of fact and not of law, and if relevant to the issue was a question to be determined by the jury and not by the court. We do not, however, perceive its relevancy, and we have already stated the rule for the measure of damages. The instruction was properly refused.

The judgment is affirmed, with costs, and ten per cent. damages.

*W. A. Peele* and *M. Wilson*, for appellant.

*N. S. Johnson* and *W. S. Ballenger*, for appellee.