## McCollum et al. *v.* Huntington.

DAMAGES.—*Evidence.*—*Failure to Deliver Goods Sold.*—In proving damages sustained by a failure to deliver goods sold, by showing the increase of their value above the contract price, the inquiry should relate to their value at the place as well as at the time fixed for delivery.

From the White Circuit Court.

*A. W. Reynolds, E. B. Sellers* and *Huff, Nichol & Buell,* for appellants.

*R. Gregory,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellants, to recover the price of goods sold and delivered.   Answer:

1. General denial.
2. Payment.

3. Counter-claim.

4. The like.

Demurrer to the third and fourth paragraphs. Demurrer sustained to the fourth, and overruled as to the third. Reply to second and third paragraphs. Trial by the court and finding for the plaintiff. A motion for a new trial was overruled, and judgment rendered on the finding.

Errors are assigned upon the ruling of the court in sustaining the demurrer to the fourth paragraph of the answer, and in refusing to grant a new trial. Only one question is presented in the brief of counsel, and that is as to the refusal of the court to admit the evidence of William Snyder in support of the third paragraph of the answer. It was claimed in that paragraph that other goods had been sold at the same time with those sued for, which the plaintiff had failed to deliver to the defendants, and which had, in the mean time, increased in value. It was proposed to prove by the witness Snyder that he was acquainted with the price of teas, such as are referred to in the third paragraph of the answer in August, 1872, and at the time the defendants claimed to have purchased said teas of plaintiff, and that soon after the purchase of said teas, and at the time they should have been received by them, they had greatly increased in price in the market at wholesale, etc.

The evidence was objected to, on the ground that it was immaterial and irrelevant, and it was excluded by the court. As the inquiry did not relate to the value of the goods not delivered, at the place as well as at the time for delivery, we think the ruling was correct. *Kent* v. *Ginter*, 23 Ind. 1. It may be that the ruling could be sustained on other grounds, but of this we need not inquire.

The judgment is affirmed, with five per cent. damages and costs.