Graves, J.:
Curtis & Proper sued McKercher for refusing to deliver a pair of steers they claimed to have bought of him in July, 1873.
The action was instituted before a justice, and taken by appeal to the circuit court.
Defendants in error finally recovered four dollars and forty-nine cents, and the case is brought here on writ of error.
They were buying stock at Jonesville to be shipped east.
They made two claims: First, that they bought the steers at seventy-seven dollars and fifty cents and paid ten dollars down, and that delivery was to be made at Jonesville on August 16, 1873, when they were to pay the balance, and that McKercher refused to deliver; second, that they bought the steers at seventy-seven dollars and fifty cents and twenty sheep at two dollars each, and paid ten dollars down, and that delivery was to be made at Jonesville on or before August 16,1873, at which time they were to pay the balance, and that McKercher refused to deliver the steers. There was evidence tending to show a bargain for the steers, as alleged, and the refusal to deliver was not disputed, and the payment down of the ten dollars was conceded.
On request of defendants in error, the judge charged, among other things, that if the purchase was made for shipment east, and McKercher so understood, and failed to deliver, defendants in error were entitled to the difference between the contract price and the market value for shipment at Jonesville, in addition to the ten dollars paid down.
It is objected that this charge allowed a recovery on the basis of expected profits.
But it does not appear that there were two kinds of market value at Jonesville, one having regard to shipment, and Nhe other something else. For all that the record shows, the steers had but one market value there. The demand for shipping undoubtedly affected the market for such *454 stock, but it did not create two or more values. There was but one market value, however it may have been influenced, and the jury could have had but one in contemplation, and that one was the true standard, however it may have been affected by demand for shipment.
No injury could have been caused by this direction.
When the action was before the justice, MeKercher tendered fifteen dollars, which being refused, was paid in to the justice and left with him.
After judgment there and appeal taken, Curtis & Proper, at the request of the justice, took this money and receipted it on the docket. The circuit judge told the jury in substance that the reception of this money was not a bar if it was found that Curtis & Proper were entitled to a greater sum, and that in case they should so find, it would be their duty to allow the fifteen dollars to MeKercher and give their verdict for the balance. This is complained of. The jury seem to have acted on the instruction and to have made the allowance.
The case was not one in which a tender, technically so called, was admissible. — §§ 6180, 6181, O. L.; Bac. Ab. “Tender.” It was a misstep in the justice to pay the money after judgment and appeal, without McKer cher’s consent. But it was not a proceeding to be urged in the circuit court as a bar to further claim under the pending issue, on the ground that it was an accepted tender in court.
Whether in view of the actual circumstances it was something in the nature of an accord and satisfaction, was a distinct question and which was not raised or attempted to be raised.
As the cause was litigated, the ruling of the circuit judge was not open to complaint by plaintiff in error. It gave him the full benefit of the matter as payment of the amount on the claim made against him.
*The request, that if the steers had not risen in value at the time fixed for delivery there could be no recovery, was properly refused.
It assumed there could be no recovery for any excess in the value at the time of purchase over the agreed price, which had continued to the time for delivery, but only for some increase *455 subsequent to the bargain. It is plain no such rule was authorized.
A point is made on the refusal to give an instruction in regard to variances between the contract as alleged and the evidence.
The request was so shaped that it could not be given without misleading, and was therefore properly refused, and an examination of the evidence and the declaration leads to an opinion that the result would not have been changed if the court had given specific and intelligible instructions on the subject.
There is really no exception to justify discussion upon the matter.
Several other objections appear, but they are not considered worthy of observation.
The judgment should be affirmed, with costs.
The other justices concurred.