## GEORGE GRAY v. HALL, CORNING & DOANE.

1. BREACH OF CONTRACT; *Damages; Competent Evidence.* In an action alleging a breach of contract in the failure to deliver plaintiff corn bought of the defendant, and claiming damages in the sum of $500 for non-compliance, the plaintiff, without stating in the petition that the corn had appreciated in value after the date of the contract, was justified in offering evidence of the market price of the corn on the day fixed for the peformance.

2. MEASURE OF DAMAGES; *Sale of Chattels.* Where an action is brought on an agreement to deliver corn not paid for, and the vendor refuses performance, the vendee is entitled to recover, as a general rule, as damages, the difference between the contract price and the market value of the corn at the time and place of delivery, and interest. (*Stewart v. Power,* 12 Kas. 596.)

*Error from Rice District Court.*

AT the January Term, 1882, of the district court, plaintiffs *Hall, Corning & Doane* had judgment for $269.63 against defendant *Gray,* who brings the case here. The opinion states the facts.

*W. J. Fuller,* for plaintiff in error.

*Bailey & Lasley,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action by Hall, Corning & Doane as plaintiffs, to recover of Gray $500 as damages for breach of

contract in failing to deliver to plaintiffs a quantity of corn. The action was tried at the January term for 1882, by the court without a jury, and judgment rendered for the plaintiffs for $269.63.   Gray excepted, and brings the case here.

Several errors are alleged, but many of them are so trifling that it is unnecessary to refer to them.   We will notice those only which seem to demand attention.   The petition alleged, *inter alia,* that the contract was agreed to on the 1st day of August, 1881; that the corn was to be delivered during' the month of August, 1881; that plaintiffs were to pay thirty-seven cents per bushel for the corn on the delivery thereof at their mill in the town of Lyons, in Rice county, in this state; that the defendant refused to comply with his contract, to the damage of the plaintiffs in the sum of $500.   It was nowhere stated in the petition that the corn appreciated in value after the said August 1st over and above the price to be paid therefor.   Counsel claims that on account of this omission, the petition was fatally defective, and the facts pleaded were not sufficient to sustain the allegation of damage, or authorize the reception of evidence to show the corn advanced in price after the said August 1st.   None of these points is tenable.   The petition alleging that the plaintiffs were damaged in the sum of $500 was good as against the general demurrer, and as no motion was filed to make the petition more specific or certain, the court properly received the evidence tending to show that plaintiffs were entitled to recover damages.

To recover more than nominal damages, it was necessary on the part of the plaintiffs to establish that the corn advanced in price after the contract — the general rule of damages ordinarily being the difference between the contract price and the market value of the article at the time and place of delivery fixed by the contract.   If the defendant refused to comply with his contract, the natural, direct and proximate loss sustained by the plaintiffs was the difference between the price they agreed to pay for the corn and the market value thereof at the time and place fixed for its delivery.   The

allegation in the petition that plaintiffs were damaged in the sum of $500, gave the defendant information that the $500 was claimed for the natural, direct and proximate loss to plaintiffs on account of the breach of the contract by the defendant, and as this was the difference between the contract price of the corn and its market value at the time and place of delivery, therefore defendant was advised of the facts upon which damages were claimed against him. (*Burrill v. Salt Co.,* 14 Mich. 34; *Allison v. Chandler,* 11 Mich. 542.) It appears from the evidence that while the contract was for the delivery of the corn in the month of August the defendant subsequently stated he would deliver it on the 17th of August. Afterward, it was agreed by the parties the corn should be received by plaintiffs on the 19th day of August; it rained on that day, and as the corn was not then delivered, one of the plaintiffs went out to defendant's place on the evening of the 25th of August, and asked him when he was going to send the corn in. The defendant informed him that he was not going to deliver the corn; and while he admitted that the plaintiffs had bought the corn, he excused his conduct for refusing to comply with his contract by saying they had not paid him anything, and as corn had advanced he was not going to take the price agreed upon. It further appears that the price was not paid in advance. On the 25th day of August, 1881, according to some of the testimony, corn was worth in the market fifty-eight cents per bushel, and on the 26th, fifty-four and one half cents; therefore, the judgment of the court below is amply sustained by the evidence as to the measure of damages allowed. The general rule is, where payment and delivery are concurrent acts, and the vendor refuses to deliver, that the vendee is entitled to recover as damages the difference between the contract price and the market value of the goods at the time and place appointed for delivery, and interest. (*Stewart v. Power,* 12 Kas. 596.)

Counsel, in referring to the evidence of Frank and Emma Gray, argue that the plaintiffs were only damaged to the extent of four cents per bushel on the corn which they had

purchased, as these witnesses testified that Corning, one of the plaintiffs, admitted he had sold the corn at an advance of only four cents a bushel. Corning's evidence was otherwise. The findings of the court must be taken as sustaining the testimony of Corning, and we must assume the facts to be as he testified.

The judgment of the district court will be affirmed.

All the Justices concurring.