GUICE & MERCER v. M. L. CRENSHAW.

(Case No. 1523.)

1. DAMAGES.— The plaintiff sued for damages on account of breach of a contract, whereby the defendant agreed to saw and deliver lumber at a specified price, at such times as the plaintiff should deliver stocks at defendant's mill. *Held*, that the measure of damages would be the difference between the contract price of the lumber and its market value at the place of delivery, at the date when defendant refused to comply with his contract. Citing Williams v. Woods, 16 Md., 220.

ERROR from Panola. Tried below before the Hon. A. J. Booty.

M. L. Crenshaw sued the appellants Guice & Mercer, averring that on the 26th day of March, 1881, plaintiff, at the request of the defendants, contracted with them to deliver to them at their saw-mill, situated south of Sunny Point in Panola county, two thousand saw logs, to be of the average length of sixteen feet, and to square not less than ten inches; the logs to be delivered by the plaintiff at defendants' mill during the year 1881, so as and in order to keep the saw-mill running. The plaintiff further averred that, as an inducement to the contract, defendants promised to furnish to him the necessary teams and wagons to haul the logs to the saw-mill of defendants, and that defendants agreed to feed the teams and to furnish plaintiff with a cross-cut saw, etc., to be charged to plaintiff; and plaintiff was to proceed at once to deliver the saw logs. The timber from which said saw logs were to be taken and hauled and delivered as aforesaid was then standing on the land of G. G. Vincent, on which land the saw-mill was then situated. That the saw-

mill was then being operated on said land, and the timber and mill and land were then in the possession of the defendants; that the defendants promised and agreed to pay the plaintiff twenty cents a stick for each one of said two thousand sticks or logs to be delivered; and payment was to be made in lumber at defendants' mill, at the rate of $1 per hundred feet, to be paid by defendants as the logs were delivered; and that said lumber was, on said 26th day of March, 1881, of the reasonable value of $1 per one hundred feet at said mill.

Plaintiff charged that he in good faith, on the 26th day of March, 1881, proceeded with a hand, employed by him, to the mill to begin the work, and that the defendants there and then refused to allow the plaintiff to perform said contract or any part thereof.

Verdict and judgment for plaintiff.

*R. F. Hightower*, for plaintiffs in error.

*Hazelwood & Hull*, for defendant in error.

WILLIE, CHIEF JUSTICE.— The object of allowing damages to the injured party in a case like the present is to give him actual compensation for the loss he has suffered by the default of the person with whom he has contracted.

If the work and labor which Crenshaw agreed to perform for Guice & Mercer was to have been paid in money, he would have been compensated, in case of a failure on their part to permit him to carry out his contract, by receiving from them the difference between the price agreed to be paid and what it would have cost him to complete his undertaking, provided such cost should be less than the contract price. Such is now recognized as the correct rule of damages in all such cases. Field on Dam., § 339; George *v.* Cahawba R. R. Co., 8 Ala., 186.

But instead of taking his pay in money he was to receive it in lumber at a named price, to be delivered at a certain place, and at such times as he should on his part deliver saw stocks to the appellants. It is evident that if the contract had been carried out and Crenshaw had received his lumber, he would have profited more or less by its performance accordingly as lumber was worth more or less than the agreed price at the mill on the day he received it. Hence, in case of a breach of the contract, it would not be a correct rule to estimate the lumber at any fixed value, for the defendant might in that event receive less or more than actual compensation for his loss.

If the appellants had agreed to deliver the lumber upon any fixed days of the month or year, then the proper measure of damages would have been the difference between the contract price and the market value of the lumber upon such days at the place of delivery. Field on Dam., 245. As no such days were fixed, but the date of delivery was made to depend upon the time when the stocks should be brought to the mill, and the delivery of them was prevented by a breach of contract on the part of the appellants, we are without the means of knowing what would have been the market value of the lumber at the time when, under the contract, Crenshaw was to receive it. Under such circumstances the agreement must be treated as one where no fixed time is agreed on for delivery. If not, then it would be impossible to compensate the injured party for the loss he has suffered, and the party in default. by his own wrong could prevent the one he has damaged from receiving actual compensation. Treating it as a case where no time of delivery is fixed, the market value of the property must be estimated at the time the appellants refused to perform their contract. Field on Damages, § 260; Williams v. Woods, 16 Md., 220.

Applying the two rules to the contract under consideration, the measure of damages is the difference between the cost of the delivery of the saw stocks at the mill and the market value of the lumber Crenshaw was·to receive for them at the time appellants refused to allow him to proceed with his contract.

This is what was claimed in the petition and sanctioned by the charge of the court, and there was no error in overruling the demurrer to the petition or in giving the instructions to the jury upon the measure of damages, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered November 20, 1883.]