GEORGE BOYER v. GEORGE E. COX.

[FILED JUNE 11, 1892.]

1. **Special Damages.** *Held*, That the claim for special damages was frivolous and failed to show a liability of the defendant.

2. **Measure of Damages:** BREACH OF CONTRACT OF SALE. Where the articles contracted for may be purchased in open market the measure of damages on breach of an agreement is the market price on the day appointed for delivery less the contract price when the latter is not paid.

ERROR to the district court for Lancaster county. Tried below before CHAPMAN, J.

*Davis & Hibner*, for plaintiff in error, cited, as to the measure of damages: *McCormick Har. Co. v. Jensen*, 29 Neb., 102; Benj., Sales, 1335; *Sleuter v. Wallbaum*, 45 Ill., 44; *Burnham v. Roberts*, 70 Id., 19; *Wise v. Foster*, 62 Ia., 114; *Parsons v. Sutton*, 66 N. Y., 92; *Chadwick v. Butler*, 28 Mich., 349; *Gray v. Hall*, 29 Kan., 704; *Marsh v. McPherson*, 105 U. S., 709.

*Chas. H. Foxworthy*, and *Adams & Scott*, contra, cited, contending for the rule allowing special damages: Benj., Sales, 1336; *Messmore v. Shot & Lead Co.*, 40 N. Y., 422; *Griffen v. Colver*, 16 Id., 489.

MAXWELL CH. J.

This is an action for breach of contract. The contract is as follows:

"This is an agreement between Geo. W. Boyer and Geo. E. Cox, in which Geo. W. Boyer agrees to sell to Geo. E. Cox 3,000 bushels of corn, to be delivered at the yards of the F., E. & M. V. R. R. at Lincoln; 1,000 bushels or more of said corn to be delivered in November, 1887, and the

balance in December, 1887; and Geo. E. Cox agrees to pay to Geo. W. Boyer twenty-nine cents per bushel for the 3,000 bushels of corn, with a note signed by him, and payable to said Geo. W. Boyer, and said note to be given January 1, 1888, and payable June 1, 1888, and drawing interest at the rate of eight per cent per annum.

"Geo. W. Boyer.
"Geo. E. Cox."

It is admitted that Boyer delivered to Cox 2,112 bushels of corn in pursuance of the agreement, and the attorneys in the case entered into the following stipulation:

"It is admitted that the defendant sold and agreed to deliver to the plaintiff in Lincoln, Neb., 3,000 bushels of corn at twenty-nine cents per bushel; that of this amount there has been delivered 2,112 bushels, of the value of $612.48, at the contract price, and of this sum there has been paid in a note $435, in hogs $88.07, total $523.07, leaving a balance due the defendant from the plaintiff for corn sold and delivered of $89.40; and said amount, with eight per cent interest thereon from the first day of March, 1888, is an offset against any sum found due the plaintiff in this suit; that the number of bushels of corn sold and not delivered is 888; and the difference between the contract price and the price at which the defendant alleges he agreed to settle would entitle the plaintiff to a credit on the purchase price due of $97.68; that the above agreement as to the facts stated shall not prohibit either party from introducing testimony upon any facts not above stipulated, or in any manner prejudice the right of either party except as to the facts therein stated, which are agreed upon for the sole purpose of saving expense and time of examining accounts between the parties."

This would seem to have been a practical settlement of the matter. The defendant, however, in addition to the difference in price, sought to recover special damages, and on the trial the jury returned a verdict in his favor for $200,

upon which judgment was rendered.   A motion was made
to strike the claim for special damages from the petition,
which motion was overruled.   In this we think the court
erred.   The petition clearly fails to state a case for special
damages.   Some of the charges, therefore, are open to the
suspicion of not being made in good faith, as, for instance,
$3 per load for purchasing thirty wagon loads of corn on
the streets of Lincoln; and these charges seem to form the
key-note to the others.

In *Wire v. Foster*, 62 Ia., 114, a case in some respects
resembling this, except that the purchaser was to pay the
market price at Storm Lake, the delivery to be at a farm
a few miles from there, it was held that there could be no
recovery for special damages.

Tiedeman, in his recent valuable work on Sales, states
the rule as follows: "Sec. 335.  If the seller fails to deliver
the goods in accordance with his contract of sale, the buyer
can sue him for non-delivery, and recover damages of him,
and, ordinarily, if the price has not been paid the damages
will be estimated by the difference between the contract
price and the market value at the time and place of deliv-
ery.   And if the goods are to be delivered in installments
at successive times the damages will be ascertained by add-
ing together the difference between the contract price of
the installments and their market values on their respective
days of delivery; but it must be borne in mind that the
buyer need not wait until the seller's failure to deliver the
last installment, but he may treat the failure to deliver any
one of the installments as a breach of the contract and
bring his action immediately. (*Sleuter v. Wallbaum*, 45
Ill., 44; *Grand Tower Co. v. Phillips*, 23 Wall. [U. S.], 471;
*Miles v. Miller*, 12 Bush. [Ky.], 134; *Somers v. Wright*, 115
Mass., 292; *Burnham v. Roberts*, 70 Ill., 19; *Bush v.
Holmes*, 53 Me., 417; *Chadwick v. Butler*, 28 Mich., 349;
*Marsh v. McPherson*, 105 U. S., 709; *Guice v. Crenshaw*,
60 Tex., 344; *Gray v. Hall*, 29 Kan., 704; *Kribs v.*

*Jones,* 44 Md., 396; *Parsons v. Sutton,* 66 N. Y., 92; *Kountz v. Kirkpatrick,* 72 Pa. St., 376; *Gordon v. Norris,* 49 N. H., 376; *Rose v. Bozeman,* 41 Ala., 678; *Worthen v. Wilmot,* 30 Vt., 555; *Lush v. Druse,* 4 Wend. [N. Y.], 313; *Harrison v. Glover,* 72 N. Y., 451; *Hanna v. Harter,* 2 Ark., 397; *Bush v. Canfield,* 2 Conn., 487; *West v. Pritchard,* 19 Id., 215; *Phelps v. McGee,* 18 Ill., 155; *Capen v. De Steiger Glass Co.,* 105 Id., 185; *Zehner v. Dale,* 25 Ind., 433; *Cannon v. Folsom,* 2 Ia., 101; *Stewart v. Power,* 12 Kan., 596; *Marchesseau v. Chaffee,* 4 La. Ann., 24; *Camden, etc., Oil Co. v. Schleus,* 59 Md., 31; *Bartlett v. Blanchard,* 13 Gray [Mass.], 429; *McKercher v. Curtis,* 35 Mich., 478; *Stevens v. Ryford,* 7 N. H., 360; *Gregory v. McDowell,* 8 Wend. [N. Y.], 435; *Davis v. Shields,* 24 Id., 326; *McKnight v. Dunlop,* 1 Seld. [N. Y.], 537; *Clark v. Dales,* 20 Barb. [N. Y.], 42; *Van Allen v. Illinois Central R. Co.,* 7 Bosw. [N. Y.], 515; *White v. Tompkins,* 52 Pa. St., 363; *Hill v. Chapman,* 59 Wis., 211; *Doak v. Snapp,* 1 Coldw. [Tenn.], 180; *Listen v. Windmuller,* 20 Jones & Sp. [N. Y.], 408; *Fishell v. Winans,* 38 Barb. [N. Y.], 228; *Dana v. Fielder,* 12 N. Y., 40; *Beals v. Terry,* 2 Sandf. [N. Y.], 127; *Dey v. Dox,* 9 Wend. [N. Y.], 120; *Rand v. White Mountain R. Co.,* 40 N. H., 79; *White v. Salisbury,* 33 Mo., 150; *Essex Co. v. Pacific Mills,* 14 Gray [Mass.], 389; *Shaw v. Nudd,* 8 Pick. [Mass.], 9; *Smith v. Berry,* 18 Me., 122; *Arrowsmith v. Gordon,* 3 La. Ann., 106; *Porter v. Barrow,* Id., 140; *Gray v. Hall,* 29 Kan., 704; *Jemmison v. Gray,* 29 Ia., 537; *Collum v. Huntington,* 51 Ind., 229; *Kent v. Ginter,* 23 Id., 1; *Deere v. Lewis,* 51 Ill., 254; *Smith v. Dunlap,* 12 Id., 184; *Wells v. Abernethy,* 5 Conn., 227; *Crosby v. Watkins,* 13 Cal., 85.)"

Where the articles sold can be purchased in open market the rule of damages on breach of an agreement is the market price at the day appointed for delivery less the contract price when the latter is not paid. (*Davis v. Shields,*

24 Wend. [N. Y.], 322; *Dey v. Dox,* 9 Id., 129; *Clark v. Piney,* 7 Cow. [N. Y.], 681.) The parties have agreed upon the price of corn in Lincoln. At the time plaintiff failed to perform corn could have been procured there in the open market if a reasonable effort to that effect had been made. This is not a case for special damages. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.