## TENDER INTO COURT AND ITS EFFECT.

[Circuit Court of Cuyahoga County.]

THOMAS L. REEDER v. HARRIS E. MASON ET AL.

Decided, June, 1905.

*Tender into Court—Plaintiff's Right to Withdraw Tender and Proceed with Action upon Appeal—Effect of Tender.*

1. In an action before a justice of the peace, where the defendant tenders and pays into court a sum of money less than the amount claimed by the plaintiff, and said tender is refused and judgment rendered for more than the amount tendered, upon appeal by the defendant plaintiff may withdraw the money tendered and apply it on his claim, without barring his right to proceed for the balance claimed.

2. It seems that the only effect of the tender in such case is to throw the costs upon the plaintiff, if he fail to recover more than the amount tendered.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Error to the court of common pleas.

Plaintiff brought his action against the defendants before a justice of the peace, alleging in his bill of particulars that said defendants were indebted to him in the sum of $55.70. Thereupon defendants tendered and paid into court the sum of $33.82, together with $2 for costs accrued to that time. Thereafter the case was heard and judgment rendered in favor of the plaintiff for the sum of $40 and his costs, $8.80.

Defendants appealed the case to the common pleas court, and after plaintiff had filed his petition therein, defendants filed an answer, setting up the tender made by them in the justice's court, and alleging that while the case was pending in the common pleas court plaintiff received and accepted the tender from said justice.

The case was submitted to the common pleas court upon the pleadings and that court found for the defendants, holding that plaintiff's accepting the amount of the tender from the justice was a bar to his recovery of any further amount.

The case is here on error to review said judgment of the common pleas court.

The tender made by the defendants was under Section 5137, Revised Statutes of Ohio, which provides that in case of tender of the amount due into court during pendency of an action "the plaintiff shall not have judgment for more than the money so due and tendered, without costs, and shall pay the defendant his costs."

Speaking of this tender, Judge Swan, on page 860 of his treatise (20th Ed.), says:

"The offer of money must be without any qualification or condition."

We believe this properly states the law, and it is also the law that the acceptance of an unconditional tender does not amount to an accord and satisfaction, but the creditor may accept the amount tendered and maintain an action for the balance.

The tender was an acknowledgment that at least its amount was due plaintiff in any event. In such case it has been held by the Supreme Court that the plaintiff is not required to return what he has received before suing for the balance. *Insurance Co.* v. *Hull*, 51 O. S., 270, 284.

There is a head note to a case decided and reported by Judge Wright on the circuit which reads as follows:

"A tender before suit, and bringing money into court, bars the right to recover the amount tendered, or costs, though the plaintiff may take the money brought into court and proceed for any amount beyond the tender, and if he recover more, get costs." *Foote* v. *Palmer*, Wright, 336.

While the facts in the case did not warrant such head note, we believe the learned judge therein expressed the law of this state.

In the case of *McKerchner* v. *Curtis*, 35 Mich., 478, it was held:

"Where in a suit in a justice's court for unliquidated damages the defendant has made a tender of a sum of money on the trial, and on its being refused has paid it into court, the acceptance of this money from the justice by the plaintiff after judgment and appeal, is not a bar to recovery of a larger sum under the pending issue upon the appeal, on the basis of an accepted tender in court."

The court, however, calls attention to the fact that the case was one for unliquidated damages, as to which the statute regarding tender did not apply.    That is also true in Ohio, where the statute (5137) provides for tender "in an action on a contract for the payment of money."

But in the case of *McCalley* v. *Otey*, 103 Ala., 469, involving the foreclosure of a mortgage, the amount found due by the chancery court was paid into court, and the plaintiff after he had appealed his case to the Supreme Court withdrew from the chancery court the amount there paid in.    The Supreme Court found this no bar to a recovery of a further amount which it found clearly due him.

We can see no good reason why the plaintiff should not have what the defendant pays into court and proceed with his action for the balance.    If he fail to recover more than the tender the statute puts upon him the penalty of paying the costs and we apprehend that that is all it was intended to provide.

Because the judgment is contrary to law, it is reversed.

A. W. *Mayers* and B. *Pearce*, for plaintiff in error.

II. I. *Emerson*, for defendant in error.