## Crossgrove *versus* Himmelrich.

1. In a question of partnership the declarations of one of the alleged partners are admissible as evidence against himself.

2. That a deposition is not in the handwriting of the magistrate is not a valid objection, unless it appears to have been written by the party, his agent or attorney.

3. A witness taking his deposition, refused, on cross-examination, to answer a question having no bearing on the issue. *Held*, not to be ground for excluding the deposition.

4. A party having received money on account of a contract which he afterwards refused to fulfil, the other party gave him written notice that he rescinded the contract, and stated in the notice facts as to the contract, payment and breach. *Held*, that the notice was proper evidence for the plaintiff, notwithstanding the facts stated in it.

5. When a plaintiff is in a condition to rescind a contract he may recover back in assumpsit the money paid on it.

6. Where an action is in disaffirmance of a contract to recover back the price paid, and it appears that the plaintiff has complied up to the time of electing to rescind, tender or offer of the money which would have been due on completion is not essential.

7. Where an action is in affirmance of a contract, an offer of readiness to pay is material.

January 30th 1867.　　Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ.　　STRONG, J., at Nisi Prius.

Error to the Court of Common Pleas of *Union county*.

This was an action of assumpsit, brought March 23d 1864, by William D. Himmelrich and Jacob Moyer, partners, &c., against John Crossgrove, John H. Goodman and William Brobst, partners, &c.

The declaration contained four counts :—

1. That the plaintiffs, on the 4th day of December 1863, bought of the defendants 200 tons of hay, to be delivered at Canton depot, Bradford county, on the cars, at $21 per ton, payable $500 on the day of the purchase, $500 on the 6th of December and the balance on the receipt of the hay ; that the hay was not delivered, " though often requested, and although the plaintiffs were ready and willing to receive and pay for the same."

2. That the plaintiffs on said day had bought 200 tons of hay from the defendants to be delivered at Canton depot for $21 per ton, and the defendants " in consideration thereof, and in consideration that the plaintiffs, at the special instance and request of the defendants, then and there upon themselves had assumed, and to the defendants then and there faithfully promised that they the plaintiffs the aforesaid sum of $21 for each ton of the aforesaid 200 tons of hay to the said defendants would well and truly pay," promised to deliver the hay at Canton depot, but that the defendants did not deliver the hay, " although the said William D. Himmelrich and Jacob Moyer were ready and willing to receive and pay for the same."

[Crossgrove *v.* Himmelrich.]

3. That the defendants agreed to sell to the plaintiffs 200 tons of hay at $21 per ton, to be delivered on the cars at Canton depot; "and that the plaintiffs should pay to the defendants on the said 4th of December 1863, $500, and on the 6th day of December 1863, the further sum of $500, and the balance of the money to make up the full price of the said 200 tons of hay at $21 per ton, was to be paid on the receipt of the same on the cars at Canton depot"; and in consideration of the plaintiff's agreement so to pay for the hay, the defendants promised that they would deliver the hay at Canton depot; the plaintiffs averred that they paid to the defendants $500 on the 4th of December and $500 on the 6th, and also "other large sums of money, to wit, the sum of $1000" at other times, and that the defendants have refused and do refuse to deliver the hay. "Whereupon afterwards, on the 23d day of March 1864, the plaintiffs in consequence of the defendants refusing to perform their part of the said agreement by the delivery of the hay, as they had assumed and promised to do, rescinded the agreement, and demanded of the defendants the return of the $500 paid on the 4th day of December 1863 and the $500 on the 6th day of December 1863, as well as the said $1000 paid at other times. * *   And whereas, in consideration of the payment of the said several sums of money, and in consideration of the plaintiffs rescinding the aforesaid agreement, and in consideration of the defendants not delivering the said 200 tons of hay as aforesaid, the defendants did assume and promise the said several sums of money to the plaintiffs to return and pay back with interest on the same from the day of the receipt thereof by the defendants," &c., with breach, &c.

4. The common counts, for money had and received, money paid for defendants and due on account stated.

The defendants pleaded non assumpserunt, no partnership and payment with leave.

The plaintiffs offered in evidence a receipt of John Crossgrove, dated December 4th 1863, for $500, on account of 200 tons of baled timothy hay at $21 per ton, to be delivered at the Canton depot, Bradford county, Pennsylvania, on the cars; and receipt dated December 5th 1863, from John Crossgrove per John H. Goodman, for $400, &c., to be followed by proof of the partnership of the defendants, and that the hay was not delivered according to the receipts. The defendants objected, because the offer created no liability, and the receipts did not purport to be given by defendants as partners.

The evidence was admitted and exception taken.

There was evidence of the payment of the further sum of $110.50 to the defendants.

The plaintiffs offered evidence of declarations of Brobst, one of the defendants, that the defendants were partners.

[Crossgrove v. Himmelrich.]

Objected to as " not being evidence to make the other defendants partners with him."

The evidence was admitted, and exception taken.

The plaintiff then gave other evidence of the partnership, and also of the sale of the hay.

Plaintiffs then offered in evidence an order dated March 3d 1864, from John Crossgrove, per John H. Goodman, on D. and G. Wilcox, in favor of William D. Himmelrich or bearer, for 200 tons hay. This offered in connection with the testimony of D. Wilcox, that the order was presented to him and the hay refused by him. This was objected to, admitted, and exception taken.

The plaintiffs offered the deposition of D. Wilcox to show that the order was presented and refused. It was objected to as not being in the handwriting of the magistrate, and because the witness had refused to answer a question put on cross-examination, as appeared by the deposition.

On his examination in chief the witness testified that he had made a contract with Crossgrove for 200 tons of hay; that the order on him from Crossgrove had been presented and refused because Crossgrove had refused to pay for the hay according to the contract; and that Brobst had said that he was a partner with Crossgrove in the transaction. On cross-examination the witness was asked " how much money Crossgrove had paid him on the contract?" The witness refused to answer, " because it had no application to the suit." The deposition was admitted, and exception taken.

The plaintiffs offered the following paper, proved to have been served on Crossgrove:—

"To John Crossgrove, John Goodman and Wm. Brobst.—Gents: We have just returned from Canton, Bradford county, Penna., where we presented your order, signed by John Crossgrove, on D. & G. Wilcox, for the hay you contracted to sell us. The hay was refused us on the ground that you have violated your contract with Messrs. Wilcox, and owned none of the hay. We herewith return your order and demand of you the money we have already paid you on the contract we had with you for the two hundred tons of hay, to be delivered to us at said Canton. And we hereby notify you that we consider the said contract as rescinded by the non-performance of the same on your part. And we also claim damages for the breach of the contract.

"Lewisburg, March 17th 1864.

                                " W. D. HIMMELRICH,
                                " J. M. MOYER,
                                " per W. D. HIMMELRICH."

This was objected to, admitted, and exception taken.

It was proved that the plaintiffs had received 28 tons of hay.

[Crossgrove *v.* Himmelrich.]

The defendants submitted a number of points, of which the Supreme Court considered only the 8th, which is:

8. This being an entire contract, there can in no event be a recovery without proofs by plaintiffs that they tendered the whole consideration-money, which they have failed to do.

The court below answered: "Before one party to a contract can maintain an action on it against the other, he must show that he was ready and willing, or had actually performed his part thereof. This is the general rule of law, but it may be much modified by the facts in a special case. * * In this case, the receipts set forth that the balance of the amount is to be paid on the receipt of the hay. And before they could recover on an action for a breach of contract, had they stood alone on the receipts they might have had to show that they had the money there to pay for the hay. In this case, however, it appears that they had received 28 tons of the hay, and afterwards in the commencement of the month of March Mr. Goodman gave the plaintiffs an order for the hay, on Mr. Wilcox, of Canton, Bradford county, the place they were to furnish it. Nothing has been shown to have been said about the pay for the balance which would be due on the hay if the whole had been furnished. Having received the order, they proceeded, it would appear, to Canton and presented it to Mr. Wilcox, who refused to honor it. The refusal was not based on the ground that the defendants would not allow him to give it unless the whole of the money was paid therefor. The defendants were bound to furnish them the hay, and they have not shown that they had any in Bradford county. We have no evidence that they demanded the money at all from the plaintiffs. They having given this order, and not having shown that they had any hay at the place of delivery, and the order being refused, and no demand made for the money, nor any allegation or proof having been made that they in any way notified the plaintiffs that they would not furnish the hay unless they had the money ready for them, and never making this as any reason or excuse for not delivering the hay, the plaintiffs could, on the failure and refusal of the order, elect to rescind the contract, and recover the money they had advanced in this form of action. We therefore refuse to answer this point as requested."

There was a verdict for the plaintiffs for $453.13. The defendants took a writ of error, and assigned for error the admission of the various offers of evidence, and the answers to their points.

*G. F. Miller*, for plaintiffs in error, cited Vincent *v.* Huff, 4 S. & R. 301; Cassell *v.* Cook, 8 Id. 287; Chitty on Contracts 276; Moorhead *v.* Fry, 12 Harris 37; Stichter *v.* Guldin, 6 Casey 114; Winthrop *v.* Un. Ins. Co., 2 W. C. C. R. 7; Miller *v.* Dowdle, 1 Yeates 404; Wolle *v.* Brown, 4 Wh. 365.

[Crossgrove v. Himmelrich.]

*W. Van Gezer* and *A. H. Dill*, for defendants in error, cited Tams v. Bullitt, 11 Casey 308 ; Peters v. Horbach, 4 Barr 134 ; Welsh v. Speakman, 8 W. & S. 257 ; Wolle v. Brown, 4 Wh. 367 ; Allen et al. v. Rostain, 11 S. & R. 372 ; Wood v. Connell, 2 Wh. 553–561 ; Anderson v. Levan, 1 W. & S. 338 ; Summers v. McKim, 12 S. & R. 405 ; Fleming v. Ins. Co., 2 Jones 391 ; Elliott v. Boyles, 7 Casey 67 ; Hogan v. Bear, 5 Watts 111 ; Clark v. Watson, 14 Wright 319 ; 1 Stark. on Ev. 134–5 ; Edgar v. Shields, 1 Grant 363 ; Smethhurst v. Woolston, 5 W. & S. 106 ; Moorhead v. Fry, 12 Harris 37 ; Wilkinson v. Ferree, Id. 190 ; Waterhause v. Skinner, 2 Bos. & Pul. 447 ; Rawson v. Johnson, 1 East 203 ; Bronson v. Wyman, 4 Seld. 182 ; Robinson v. Tyson, 10 Wright 292 ; Williams v. Bently, 3 Casey 301–2 ; 1 Chit. Pl. 315, 318 ; 2 Id. 99 ; Douglass 684 ; Saunders 347, n. 3.

The opinion of the court was delivered, February 25th 1867, by THOMPSON, J.—1. The receipts objected to, the reception in evidence of which constitutes the 1st bill of exception, were properly received. They not only showed the contract between the parties who it was alleged made it, but, what was indispensable to the plaintiffs in their effort to recover back the money paid on the contract, they showed the payment of a large proportion of it by the plaintiffs to the defendants. The objection really was that the defendants were not partners in the transaction and the receipts not evidence. But when the receipts were offered it was proposed to follow them with proof that the contract was made with and for the benefit of all the defendants. This made them evidence, and if the offer failed, as it did not, the whole offer would go for nothing. It is thus manifest that this error should not be sustained.

2. The 2d alleged error is to the admission of Brobst's declarations that he was a partner in the transaction. He was sued as a partner, and of course his declarations were evidence against himself: what effect they might have on the others was another thing ; but that was not regarded, for no instructions were asked as to that, for the reason, I presume, that the acts and declarations of the others abundantly showed he was a partner. This error is not sustained.

3. The 3d error needs but little notice. The defendants being called on to deliver the hay contracted to be delivered to the plaintiffs, presented the latter with an order on G. & D. Wilcox, of Bradford county, for 200 tons. It was presented, refused and returned. Of course it was evidence, to be followed by what occurred at its presentation. It could not have been spoken of without this, unless lost or destroyed.

4. This error arises on the admission of the deposition of D. Wilcox, a witness offered by plaintiff to prove the presentation

[Crossgrove *v.* Himmelrich.]

and refusal of the order above mentioned. The first objection to it was that the testimony of the witnesses was not taken down in the handwriting of the magistrate. This was no valid objection, unless it had also appeared that it had been written by the party, his agent or attorney, which was not pretended: Summers *v.* McKim, 12 S. & R. 405. The magistrate's hand or arm was. paralyzed, and hence he employed a clerk, as it was proper for. him to do.

Another objection was that the witness refused to answer a question asked him by the defendants' counsel on cross-examination. The question had no bearing on the issue trying whatever, or the objection might have been good. It related solely to matters between the witness and the defendants, and whatever the answer might have been, it could neither have been contradicted or disputed by the party asking for it. The refusal did the defendants not the slightest injury. This clearly appears from the question itself. It ought not to have been asked, and it would be contrary to all reason to hold that the refusal of a witness to answer a question, which a court would not have required him to answer because of irrelevancy, should have the effect to destroy the answers to what was properly asked. "Evidence," says Blackstone, vol. 3, p. 367, "is that which demonstrates, makes clear or ascertains the truth of the very fact or point in issue." Had the cross-examination been with any view to this rule, the question never would have been asked, and we should not have been troubled with it. To allow the plaintiffs in error to make anything out of the objection, would be to countervail a well-known principle, which says that a party shall not take advantage of his own wrong. There is nothing in this assignment of error.

5. The 5th bill of exception is to the admission of the written statement of the demand on Wilcox for the hay on the defendants' order, his refusal, and notice of the election of the plaintiffs to rescind the contract. The objection was that it contained declarations of the plaintiffs in their own favor. Suppose it did, it was made to the faces of the defendants, and not behind their backs, and they might have denied the truth of any declaration in it and required proof if they thought proper. This objection was somewhat extraordinary certainly. What parties say to each other about a subject of dispute is always evidence if a suit grow out of it. I can hardly suppose that in taking this exception the counsel expected to reverse this rule, and I am therefore at a loss to conjecture why it was taken.

6. The remaining exceptions are to the answers of the court to points of the defendants. The only one needing any notice is the answer to the 8th point.

It certainly was no error to charge that if the plaintiffs were in a condition to rescind the contract, they could recover back

[Crossgrove v. Himmelrich.]

the money paid in an action of assumpsit. That was the form of action adopted, and the *narr.* contained not only a special count setting forth the circumstances of the rescission, the election to rescind, but the promise to pay the money back. This was proper, whether the promise was express or implied. The form is the same in both cases. There are also general counts for money had and received, which was eminently proper in a case of this kind. There could, therefore, undoubtedly be a recovery in the form of action adopted, if there was a proper case for rescission shown.

The defendants in error contend that there was not, because the plaintiffs did not tender, at the time they claimed to rescind the contract, an entire performance on their part. An offer of a readiness or willingness to pay for the hay would have been material if the action had been in affirmance of the contract: Tyson v. Robison, 10 Wright 286. But this is an action in disaffirmance of the contract to recover back the price paid. A tender or offer of the money which would be due on the completion of the contract, was not essential, when it appeared otherwise that the plaintiff had fully complied with his part of the contract up to the time of electing to rescind it. That did appear in this case by abundant testimony. The plaintiffs had paid for all the hay which had been delivered to them on the contract, and as much more. The defendants delayed fulfilling their part, and at last gave an order for the balance, which the plaintiffs were at trouble and expense to present, which, as already seen, was refused. Here was a failure to complete the contract by the defendants without any default on part of the plaintiffs, and under these circumstances the plaintiffs were entitled to rescind, and to recover so much money as they had advanced on the contract beyond the hay received. Smethurst v. Woolston, 5 W. & S. 106, 12 Harris 37, and Id. 190, are authorities clear upon the doctrine stated, and we need not elaborate the point further. Seeing nothing to correct, the judgment is affirmed.