Case 40.—ACTION BY J. B. CORSO & SONS AGAINST THE
WESTERN UNION TELEGRAPH CO. FOR DAMAGES FOR
PROPERTY LOST BY AN ERRONEOUS TELEGRAM.—
October 26.

## Western Union Telegraph Co. v. J. B. Corso & Sons.

Appeal from Jefferson Circuit Court, Common
Pleas Branch (3d Division).

THOS. R. GORDON, Judge.

Judgment for plaintiffs. Defendant appeals. Affirmed.

1. Pleading—Amendment of Petition—The petition for loss
caused by error in transmission of a telegram claiming as
damages the amount of a recovery against the plaintiff
by a third person, may properly be amended so as to claim
damages for the loss sustained by deterioration in the value
of a shipment by reason of the error in the transmission
of the telegram.

2. Telegraph—Error in Message—Trial—Instructions—Applica-
bility to Pleading—In an action for loss caused by error
in the transmission of a telegram, an instruction submitting
to the jury the question whether plaintiffs had been induced
to leave the lemons alleged to have been damaged in the
care of the railroad company was proper, under a pleading
alleging that they had been induced to refuse to receive the
lemons which had been shipped to them.

3. Depositions—Reduction to Writing—Duty of Officer—Under
Civil Code of Practice, sec. 582, providing that the certificate
of an officer taking a deposition shall show that it was
written and transcribed by the witness, or by the officer
in the presence of the witness, it is sufficient if the testi-
mony is taken in shorthand and transcribed by a stenogra-
pher for the officer under his direction.

4. Same—Defects and Objections—Under Civil Code of Prac-
tice, sec. 587, providing that no exception other than to the
competency of the witness or relevancy or competency of

the testimony shall be regarded, unless filed before the com-
mencement of the trial and before or during the first term
of the court after the filing of the deposition, an objection
that a deposition was not written by the officer taking it
can not avail, where the objection was not filed until nearly
two years after the deposition was filed, even in a court
having continuous sessions, 60 days being regarded as a term
of such a court in civil actions.

RICHARDS & RONALD for appellant.

RICHARDS & QUARLES of counsel.

1. We submit that the court erred in not sustaining appellant's
motion to strike the second amended petition from the record
and in overruling appellant's demurrer to said amended petition.

2. The court erred in not sustaining defendant's motion for
a peremptory instruction.

3. The court erred in overruling the appellant's exceptions to
the deposition of Adolph Anderson, and in overruling its motion
to suppress said deposition.

4. The court erred in its instruction to the jury.

### AUTHORITIES CITED.

Munford v. Kevit, 22 Ky. Law Rep., 731; Fogg v. Rodgers,
84 Ky., 562; Postal Telegraph-Cable Co. v. Schaefer, 23 Ky. Law
Rep., 344; Code, sec. 582; Daniel v. Toney, 2 Met., 524; Greer v.
Ludlow, 7 Ky. Law Rep., 290; Wilson v. Smith, 5 Yerger (Tenn.),
407; Chenowith v. Chamberlin, 6 B. Mon., 60; Bank of Kentucky
v. Garey, 6 B. Mon., 626; Lee v. Buford, 4 Met., 7.

KOHN, BAIRD & SPINDLE and CHARLES F. TAYLOR for
appellees.

R. L. GREENE of counsel.

1. The case at bar does not involve any question relating to
the law of sale, but involves only questions of law pertaining
to the transmission and delivery of telegrams between principal
and agent. But even were the case as conceived by the appel-
lant, involving the relation of vendor and vendee, the appellees
were not bound either to accept or reject the lemons. They
had the further right of inquiry, and to make complaint, to ask
and receive information, and to act according to the directions
given and information thus received.

2. As far as the appellant was concerned, the appellees had

the right to delay receiving until they could, through the appel-
lant, ask for and receive certain information, and had the right
to act upon the information thus received; and if the appellant
erroneously transmitted this information, thereby inducing the
appellees to act to their damage, the appellant must pay the
loss.

3. The effect of an employe of the officer in taking the depo-
sition in shorthand is not, as contended by the appellant, to
make the taking of the deposition an unofficial act or the act
of a third person unknown to the law. It was as much the act
of the officer as though he had written with his own hand the
stenographic notes.

4. It is well established that no objection may be made to
the manner in which a deposition is taken or written, unless it
is made at the time. This is to prevent a party to an action
from, by silence, misleading his adversary.

### AUTHORITIES CITED.

Read v. Randell, 2 Harr (Del.), 501; Cushman v. Wooster, 45
N. H., 412; Kidder v. Prescott, 24 N. H., 267; Stoddard v. Hill,
38 S. C., 585; Hill's Adm'r v. Pennsylvania Mutual, 27 Ky. Law
Rep., 567; Moore v. Smith, 88 Ky., 151; Code, sec. 587.

OPINION BY JUDGE NUNN—Affirming.

This appeal is from a judgment for damages for
a property loss caused by an erroneously transmit-
ted telegram. The facts are briefly as follows: The
appellees were wholesale fruit merchants in Louis-
ville. On April 28, 1899, through one Adolph Ander-
son, a fruit broker employed by them in New York,
they purchased from the Fruit Auction Co. a car
load of lemons. The instructions to the broker were
to purchase a long-keeping lemon. On May 3, 1899,
the lemons arrived, and the appellee telegraphed
their broker as follows:

"Adolph Anderson, 106 Warren street, New York,
N. Y.:

"Lemons not as represented. Not keeping lemons,
as you stated. Turning rotten already. Very hollow.

Won't last fifteen days. Can not accept them. Wire what to do.

"J. B. CORSO & SONS."

Receiving no answer to this, on May 4th the appellees telegraphed to the broker again as follows: "Lemons still in car. Will spoil from heat. Wire immediately what to do. Explain fully. Can we unload at importer's expense?" In answer to this the broker delivered to the Western Union Telegraph Co. the following telegram:

"J. B. Corso & Sons, Louisville, Ky.:

"Importer of last car at Montreal. Take lemons. Something will be done.

"ADOLPH ANDERSON."

In answer to this the broker delivered to the Western Union Telegraph Co. the following telegram:

"J. B. Corso & Sons, Louisville, Ky.: Importer of last car at Montreal takes lemons. Something will be done.

"ADOLPH ANDERSON."

Acting upon this telegram, and believing that the importer had been seen by the broker and he had agreed to take charge of the lemons, the appellees gave them no further attention, and they were left in the heated car on the railroad track until May 12th, when they were unloaded by the railroad company and subsequently sold. The appellees did not know of the mistake in the transmission of the telegram, and that the importer had not agreed to take the lemons, until they were unloaded. It was shown in the testimony that the weather was warm, and that the lemons very rapidly spoiled and depreciated in value during the time they were in the car, the witnesses fixing the depreciation at 75 cents per box.

The appellees testified that they understood from

the transmitted telegram that the importer was a
Montreal man, and had agreed to take the lemons,
and that, if the telegram had been transmitted as it
was written and delivered to the appellant, they
would have understood that they were to take the
lemons and adjust the matter subsequently, and that
under such advice they would have unloaded the
lemons and thereby avoided the depreciation to the
extent of 75 cents per box. The appellant assigns
the following grounds for the reversal of the judg-
ment: First, the court erred in not sustaining ap-
pellant's motion to strike the second amended
petition from the record, and in overruling its de-
murrer thereto; second, the court erred in not giving
a peremptory instruction in appellant's favor; third,
the court erred in overruling appellant's exceptions
and motion to suppress the deposition of Adolph An-
derson; fourth, the court erred in its instructions to
the jury.

With reference to the first assignment of error, it
is necessary to the understanding of the question to
make a brief statement of the facts with reference
to the original petition and the amendments. It ap-
pears that the appellees considered it to their interest
to not pay the Fruit Auction Co. for the car load of
lemons and suffered themselves to be sued therefor.
Then they filed their suit against the appellant, and
claimed their damages to be whatever judgment the
Fruit Auction Co. might recover against them. The
Fruit Auction Co. recovered judgment for the amount
of its claim, and appellees then amended their petition,
laying the damages in the amount of that judgment.
After this, and before the trial of this cause, this court
delivered an opinion in the case of Postal Telegraph
Co. v. Schaefer, 110 Ky.,907, 23 Ky. Law Rep., 344, 62
S. W., 1119, which fixed the criterion of damages in

cases like the one at bar different from the criterion claimed in either the original or first amended petitions. Then the appellees filed another amended petition, laying their damages on the principles stated in that opinion, i. e., for the loss sustained in the deterioration of the lemons between the date of the delivery of the erroneous telegram and the date upon which the mistake was discovered. This pleading did not change appellees' cause of action. Their cause of action was for the injury or damage sustained by reason of the delivery of an erroneous telegram. By the amendment the cause of the action was not changed. It set forth a new criterion of recovery, and the court did not err in refusing to strike it from the record or in overruling the demurrer thereto.

As to the second proposition, it is sufficient to say that there was sufficient evidence to authorize a recovery. The appellant claims that the court erred in the use of the following language in one of its instructions: "That by said mistake or error in the said telegram a person of ordinary prudence, under the facts and circumstances in evidence, would have been induced to leave the lemons in the care of the railroad company, and the plaintiffs were so induced by such error," etc.; that in this the court submitted a matter to the jury which had not been put in issue by the pleadings; that it was alleged in the pleadings of appellees that by reason of the erroneous telegram they had been induced to refuse to receive the lemons, while the instructions submitted to the jury the question whether or not they had been induced to leave the lemons in the care of the railroad company. There is not any substantial difference between the pleadings and the instruction. The refusal to receive them necessarily left them where they were—that is, with the railroad; and leaving them with the rail-

road was a failure to receive. The gist of the action was whether the appellees were induced by the negligent transmission of the telegram to leave the lemons at the depot or to refuse to receive them, which in effect is the same thing.

As to the third assignment of error, to wit, the court failing to suppress the deposition of Adolph Anderson, it is necessary to give a short statement of the facts with reference to it. The deposition was taken on notice on May 20, 1902, before a notary public in the city of New York, the appellant being represented in person and by counsel, while the appellees were not. The deposition was filed in the record June 23, 1902. On June 25th the appellant filed an exception to it, for the reason that the certificate of the officer failed to show that it had been read to and subscribed by the witness in the presence of the officer, and failed to state who, if any, of the parties were present at the taking thereof. Upon these exceptions the court allowed the appellee to return the deposition to the officer who took it for correction, which was done, and it was returned to the clerk's office on April 22, 1903. On November 17, 1903, another exception to the form of the deposition was filed by the appellant, to the effect that the officer taking the deposition acted as attorney for the appellees. This exception was supported by the affidavit of one Benedict. The deposition was again returned to the officer for his statement as to whether he had, or not, acted as attorney for the appellees, and was again returned to the clerk's office on December 25, 1903, with a certificate showing that the questions propounded by the examiner were written questions furnished him to be asked on behalf of the appellees, and that he did not act as the attorney for them. Afterwards, on February 4, 1904, for the first

time, an exception was filed asking a suppression of
the deposition on the ground that the deposition was
not written either by the witness or by the officer.
An affidavit of the notary was furnished to both par-
ties, detailing the manner in which the deposition was
taken, and these affidavits were filed on April 11,
1904, which show a literal compliance with the pro-
visions of our Code with reference to the taking of
depositions and the certificate of the officer thereto,
except that the questions and answers were written
in shorthand by the notary's clerk in the presence of
the witness and the notary and then transcribed by
this clerk.

It is contended by appellant that this is an infrac-
tion of sec. 582 of the Civil Code of Practice, which
provides that the officer's certificate shall, among
other things, show that it was written and subscribed
by the witness in the officer's presence, or was writ-
ten by the officer in the presence of the witness, and
read to and subscribed by the witness in the presence
of the officer. The purpose of this provision was to
procure an authentic statement of the witness under
oath, and also that it be definitely ascertained to what
the witness has made oath, and therefore either that
the witness himself shall write the deposition or that
the officer shall write it, and, when the officer writes
it, to bring it directly to the attention of the witness
after it is written, it must be read over to and sub-
scribed by him.    The object of having the officer
write the deposition is to prevent the substitution of
false depositions or the coloring of answers by hav-
ing them written by parties who are interested in the
litigation.    It was not intended by the Code that the
officer should do the manual labor of writing the
deposition.    The purpose was that the officer should
be responsible for its writing, and that he in person

should supervise its writing, and therefore that the writing of the deposition should be his act. An act done under the direction, in the presence of, and under the immediate supervision of an officer is no less an act done by him because, perchance, he employs the labor of some third person. The intervening labor does not lose the personality of the officer under whose direction and personal supervision it is done. We therefore conclude that an act is still the official act of the officer, though not personally done by him, if it is done under his direction and his immediate personal supervision. This construction is sustained by the following cases from other States: Tuthill v. Smith, 90 Iowa, 331, 57 N. W., 853; Crossgrove v. Himmelrich, 54 Pa., 203; Read v. Randal, 2 Har. (Del.), 501; Stoddard v. Hill, 38 S. C., 385, 17 S. E., 138; Cusham v. Wooster, 45 N. H., 412.)

In the case last cited above, the statute of New Hampshire authorized the magistrate to take depositions, and directed that the magistrate should write the answers of the witnesses without the interference of either party. In the case referred to, the person who wrote the answers was a person employed by the magistrate. The court held this to be a compliance with the statute and was the act of the magistrate. The court said: "It is stated in Kidder v. Prescott, 24 N. H., 267, as a well settled principle, that an act done by one in the presence and under the control of another, for that other, is regarded, not as the exercise of a delegated authority, but as a personsal act of the party in whose behalf it was performed."

If appellant's position as to the deposition was tenable, it can not avail it, for the reason that it permitted nearly two years to elapse after the deposition was filed in the record before it made this objection.

Sec. 587 of the Code of Practice provides: "No exception, other than to the competency of the witness, or to the relevancy or competency of the testimony, shall be regarded, unless it be filed and noted on the record before the commencement of the trial and before or during the first term of the court after the filing of the deposition."

The appellant contends that this section has no application to courts having a continuous session; that such courts have no terms. After an investigation of the statutes applicable to courts of continuous session, we are of the opinion that a term of such court is regarded, in civil actions, as 60 days.

Wherefore, the judgment of the lower court is affirmed.